**In re RAYTECH CORPORATION; Raymark Industries, Inc.; and Raymark Corporation Debtors.**

**American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, PA, Plaintiffs,**

**v.**

**Laureen M. Ryan, Trustee, Chapter 11 Trustee of Raymark Industries, Inc. and Raymark Corporation, Raymark Industries, Inc., Raymark Corporation, Raytech Corporation, and Raybestos Products Company, Defendants.**

**Bankruptcy Nos. 89–00293, 98–51532, 98–51540.**
**Adversary No. 04–5013.**

United States Bankruptcy Court, D. Connecticut.

Jan. 5, 2005.

As Amended Jan. 19, 2005.

Bruce Zabarauskas, Meltzer, Lippe, Goldstein & Schlissel, Mineola, NY, Daniel

H. Golden, David M. Zensky, James P. Chou, Akin, Gump, Strauss, Hauer & Feld, LLP, New York, NY, Elizabeth J. Austin, Pullman and Comley, Bridgeport, CT, Ellen S. Hoffman, Gale K. Busemeyer, Lissa J. Paris, Robert E. Kaelin, Robert A. White, Murtha, Cullina, Richter and Pinney, Hartford, CT, Kenneth Pasquale, Stroock & Stroock & Lavan, LLP, New York, NY, Konrad de Kerloy, London EC1A 2DY, Mary B. Tillona, The Dexter Corp., Windsor Locks, CT, William N. Reed, Watkins, Ludlam, and Stennis, Jackson, MS, for Debtor.

Anthony P. Schimaneck, Morgan, Hallgren, Crosswell & Kane, P.C., Lancaster, PA, Arthur S. Olick, Anderson, Kill, Olick, and Oshinsky, New York, NY, James C. Graham, Marc S. Edrich, Pepe and Hazard, Hartford, CT, Joshua W. Cohen, Konrad de Kerloy, Kristin B. Mayhew, Pepe & Hazard, Southport, CT, Keith N. Costa, Cohn, Birnbaum & Shea, New York, NY, Carl T. Gulliver, Coan, Lewendon, Gulliver & Miltenberger LL, Robert S. Evans, New Haven, CT, for Trustees.

Unsecured Creditors' Committee, Caplin and Drysdale, New York, NY, Elihu Inselbuch, Caplin and Drysdale, Washington, DC, Michael L. Temin, Wolf, Block, Schorr, and Solis–Cohen, Philadelphia, PA, Peter Van N. Lockwood, Caplin and Drysdale, Robert S. Evans, Trevor W. Swett, III, Caplin & Drysdale, Chartered, Washington, DC, for Creditor Committees.

## AMENDED ORDER GRANTING MOTION FOR PROSPECTIVE RELIEF

ALAN H. W. SHIFF, Bankruptcy Judge.

The plaintiffs have moved under D. Conn L. Civ. R. 83.13(c), made applicable by D. Conn LBR 1001–1(b), for prospective relief that would authorize their law firm, Cozen O'Conner ("Cozen"), to continue to represent them even though an attorney in that firm is likely to testify as a witness in this adversary proceeding. Defendants Raytech Corporation and Raybestos Products Company (the "Objectors") have objected. For the reasons that follow, the motion is granted.

### Background

This adversary proceeding seeks a determination of the scope of an order entered by this court on January 23, 2002 (the "Raymark Injunction").[1] *See* 11 U.S.C. § 105(a). The Raymark Injunction approved a settlement of claims (the "Settlement") between Raymark Industries, Inc, Raymark Corporation, and American Home Assurance, a sister company of National Union, that deemed the American Home policies exhausted and enjoined any further actions against them. *See* Rule 9019, F.R.Bankr.P. Thereafter, Raybestos filed a third-party complaint against National Union in the District Court for the Southern District of Indiana in an action captioned *Reliance Ins. Co. Of Illinois v. Raybestos Products Co., et al.* (the "Indiana Action"). National Union responded in that action that Raybestos' complaint was precluded by the Raymark Injunction.

The plaintiffs filed this adversary proceeding on February 11, 2004 to enforce the Raymark Injunction, alleging that it bars Raybestos' third-party complaint in the Indiana Action, or, in the alternative, seeking damages sustained for the alleged breach of a representation and warranty in the Settlement. On August 26, 2004, De-

---

**1.** The factual background recited here is not intended to preclude any argument as to the merits of the instant adversary proceeding.

fendant Laureen M. Ryan, Chapter 11 Trustee of Raymark Industries, Inc. and Raymark Corporation (the "Trustee") moved to stay this proceeding, so that she could seek a determination of the scope of the Settlement from the Southern District of Indiana. However, on September 10, 2004, the Indiana Action was stayed by that court, pending the resolution of this adversary proceeding. Accordingly, on September 27, 2004, the Trustee's motion was denied.

Cozen, which had previously represented the plaintiffs, has been retained to continue to represent them in this adversary proceeding. Kevin M. Haas, a Cozen attorney, is likely to testify at trial as a fact witness about his recollection of the negotiations leading to the Settlement. Attorney Haas will not represent the plaintiffs as trial counsel in this proceeding.

### Discussion

D. Conn L Civ. R. 83.13(a)-(b) provides that generally an attorney and that attorney's firm should not agree to represent a client if he or she will be will be called as a witness on that client's behalf, and, if after accepting such representation, an attorney learns that he or she will be called as a witness, the attorney and the firm should withdraw from the representation. The court has the discretion, however, to allow the attorney's firm to continue the representation.

### Discretion of Court To Provide Relief From This Rule When Lawyer In Same Firm Is Likely To Be A Witness.

The court may in the exercise of its sound discretion permit a lawyer to act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if disqualification of the lawyer would work substantial hardship on the client and permitting the lawyer to act as an advocate would not cause prejudice to opposing parties. D. Conn. L. Civ. R. 88.13(c).

### Substantial Hardship

The plaintiffs argue that disqualifying Cozen would cause them substantial hardship. They point to the long and complex history of the Raytech Corp., Raymark Industries, Inc., and Raymark Corp. bankruptcy cases. *See, e.g., In re Raytech Corp.*, 222 B.R. 19 (Bankr.D.Conn.1998); *In re Raytech*, 217 B.R. 679 (Bankr. D.Conn.1998). The plaintiffs further note that Cozen attorney Eric D. Freed has acquired an extensive knowledge of these cases, having represented them since 2001. They argue that, in contrast, it will take a substantial amount of time for a substitute counsel to gain that same familiarity with the cases.

The Objectors cite numerous cases in support of their argument that the plaintiffs can not demonstrate substantial hardship. *See, e.g., Tese–Milner, Trustee v. Beeler (In re Hampton Investors L.P.)*, 289 B.R. 563, 586 (Bankr.S.D.N.Y.2003); *Ulster Scientific, Inc. v. Guest Elchrom Scientific AG*, 181 F.Supp.2d 95, 105 (N.D.N.Y.2001); *Neufeld v. Neufeld*, 1994 U.S. Dist. LEXIS 7923 (S.D.N.Y. June 15, 1994); *MacArthur v. Bank of New York*, 524 F.Supp. 1205, 1210 (S.D.N.Y.1981); *Norman Norell, Inc. v. Federated Dept. Stores Inc.*, 450 F.Supp. 127 (S.D.N.Y. 1978); *U.S. ex rel. Sheldon Electric Co. v. Blackhawk Heating & Plumbing Co.*, 423 F.Supp. 486 (S.D.N.Y.1976). But the majority of those cases involve disqualifying the attorney who is going to be called as a witness, not that attorney's law firm. Moreover, although some of those cases involve attorneys with lengthy relationships with their clients, none of them appear to rise to the level of complexity of these bankruptcy cases, the oldest of which has been pending since 1989. It is

also apparent that a delay in the resolution of this action does not merely affect the parties here. As noted, the Indiana Action has been stayed, pending the court's determination of the issues here.

### Prejudice

The Objectors claim that they will be prejudiced if the entire Cozen firm is not disqualified, based on the mere fact that Cozen attorney Haas will likely testify. The Objectors contend that it will difficult "to cross-examine a witness who is also an adversary counsel concerning matters of fact, and, more particularly, on matters impeaching his credibility, within the bounds of propriety and courtesy owed to professional colleagues." *U.S. ex rel. Sheldon Electric Co. v. Blackhawk Heating & Plumbing Co.*, 423 F.Supp. 486, 489 (S.D.N.Y.1976). But in *Sheldon Electric,* the court only disqualified the entire law firm of the witness because it did not find substantial hardship would be caused by the disqualification. Moreover, the rules of professional conduct at issue in that case were substantially different from the local rule here.

It is also noteworthy that the Trustee, also a defendant, has no objection to Cozen's continued representation of the plaintiffs even though she will similarly have to cross-examine attorney Haas. Further, the plaintiffs have assisted in eliminating any potential prejudice by quickly bringing the question to the court's attention, so as to avoid a determination on the eve of trial.

For the foregoing reasons, the objection is OVERRULED, the motion for prospective relief under Rule 83.13(c) is GRANTED, and IT IS SO ORDERED.